This is an appeal from an order entered in the Surrogate's Court dismissing a petition for the issuance of ancillary letters of administration upon the estate of a non-resident decedent. The petition sets forth that temporary letters of administration had been issued in 1937 by the Surrogate's Court of New York County, New York, in which state the decedent had died a resident and intestate; that she died possessed of choses in action and other personal property within the State of New Jersey; that the administrator appointed by the New York court has not applied in this state for letters of administration, nor has any person claiming to be next of kin applied within forty days. The petitioner has alleged himself to be a person having a debt or legal claim against the decedent which survived against her representatives. In the affidavit attached to the petition, petitioner swears that the value of the estate to be administered is not over the value of $50. The petitioner prays that he or some other suitable person be appointed administrator. *Page 549 
The order dismissing the petition sets forth as a ground therefor that the petition does not set forth a cause upon which the surrogate has jurisdiction to grant the relief prayed for.
Appellant's right depends upon the requirements of R.S.3:7-11 which reads as follows:
"Administration by creditor. If an executor or administrator of a non-resident decedent neglects to apply in this state for letters testamentary or administration within sixty days next after the death of the decedent and there is, within this state, choses in action or other personal property of the decedent, or the evidence of choses in action in the hands of a resident of this state or real estate, the surrogate of a county wherein any such real property, choses in action or evidences thereof or other personal property, is situate may, upon application of a person alleging himself to have a debt or legal claim against the decedent which by the law of this state survives against his representatives, issue letters of administration, with the will annexed or otherwise as the case may require, to some fit person to be designated by the surrogate.
"Prior to an appointment pursuant to this section such notice shall be given the foreign executor or administrator as the surrogate shall prescribe."
Certain other persons claiming to be creditors of the estate opposed the application before the surrogate, and filed an answer setting forth that the petition of the present appellant did not set forth the nature of his claims, nor the nature of the assets claimed to be within the State of New Jersey, but only that they did not amount to more than $50. The answer further alleged that by an order of the Surrogate's Court of New York County entered January 29th, 1940, two administrators of the estate had been appointed. The answer set forth that the present appellant made no attempt to prove his claim before the administrators, and that the cost of administration in this state would exceed the alleged value of the estate here.
It is unnecessary to consider the validity of these objections, but it may be noted that the statute is merely permissive and not mandatory, and that the surrogate might have been justified in denying administration for these reasons. *Page 550 
However, the surrogate based his order on his lack of jurisdiction, and in my opinion he was correct in so doing. The petition was fatally defective in that it failed to show a necessary condition to the granting of letters, viz., that notice of the application be given to the administrator appointed by the court in the place of residence of decedent.
The appeal will be dismissed. *Page 551